**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ERIC HODGSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action File No.: |
| v. | ) | |
| | ) | 1:22-cv-01935-ELR-CMS |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF GEORGIA, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff Eric Hodgson and Defendant Board of Regents of the University System of Georgia, hereby file their Joint Preliminary Report and Discovery Plan in the above-styled matter, pursuant to N.D. Ga. Local Rule 16.2, and state as follows:

**1.     Description of Case:**

**(a)     Describe briefly the nature of this action.**

Plaintiff brings claims and seeks damages for alleged gender-based discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. et seq. and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  Defendant denies all allegations.

**(b)     Summarize, in the space provided below, the facts of this case.  The summary should not be argumentative nor recite evidence.**

1

**Plaintiff's Response:**

This action arises out of Defendant's discriminatory refusal to hire Hodgson as the Head Coach of the Women's Golf Team at Kennesaw State University ("KSU") based on his gender. Hodgson served as the Interim Women's Golf Head Coach from January 2021 through May 2021, and his season culminated in his team winning the Conference Tournament and setting a new school record. During the interview process for the new permanent Head Coach, a member of the decisional team commented that they were hiring for "a women's team and it needs a woman coach," or words to a similar effect. Despite his proven track record of success and demonstrably good relationship with the women's golf team, KSU ultimately followed through on its stated goal and hired a female for the position. Hodgson brings claims of gender-based discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. et seq. ("Title VII") and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Hodgson seeks injunctive and equitable relief, back pay and compensatory damages to remedy these civil rights violations.

**Defendant's Response:**

In January 2021, the head women's golf coach at Kennesaw State University ("KSU"), Rhyll Brinsmead, resigned. Plaintiff was then appointed to be KSU's interim head women's golf coach for the 2021 season.

In or around February 2021, KSU began soliciting applications for Ms. Brinsmead's permanent replacement. Plaintiff, along with a number of other individuals, applied for the position. KSU's Athletic Director, Milton Overton, ultimately selected the most qualified candidate for the position—Erin Thorne. Mr. Overton did not consider the candidates' genders in arriving at this decision.

All actions taken by Defendants with respect to Plaintiff's employment were taken for legitimate, non-discriminatory business reasons. Plaintiff has not otherwise been deprived of any rights, privileges or immunities secured under the laws of the United States.

   (c)   **The legal issues to be tried are as follows:**

1.   Whether Plaintiff can prove that Defendant subjected him to unlawful sex discrimination in violation of the Equal Protection Clause.

2.   Whether Plaintiff can prove that Defendant subjected him to unlawful sex discrimination in violation of Title VII.

3.      Whether Plaintiff's claims are barred by any of Defendants' defenses and/or affirmative defenses.

4.      Whether Plaintiff is entitled to recover damages as a result of the alleged violations of the Equal Protection Clause and Title VII and, if so, in what amount.

5.      Whether Defendant is liable to Plaintiff for emotional damages, and, if so, the amount of such damages.

6.      Whether Plaintiff is entitled to equitable relief and, if so, the relief to be provided.

7.      Whether Plaintiff is entitled to recover attorneys' fees and costs incurred in this action.

**(d)      The cases listed below (include both style and action number) are:**

**(1)      Pending Related Cases:**   None.

**(2)      Previously Adjudicated Related Cases:**  None.

**2.      Complexity:**

**This case is complex because it possesses one (1) or more of the features listed below (please check):**

**_____ (1)      Unusually large number of Parties (potentially)**
**_____ (2)      Unusually large number of claims or defenses (potentially)**
**_____ (3)      Factual issues are exceptionally complex**
**___\_ (4)      Greater than normal volume of evidence**
**_____ (5)      Extended discovery period is needed**

_____ **(6)**   **Problems locating or preserving evidence**
_____ **(7)**   **Pending parallel investigations or actions by government**
_____ **(8)**   **Multiple use of experts**
_____ **(9)**   **Need for discovery outside United States boundaries**
_____ **(10)**  **Existence of highly technical issues and proof**
_____ **(11)**  **Unusually complex discovery of electronically stored information**

**Response:**  This case is not complex.

**3.**   **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

For Plaintiff:  Eleanor M. Attwood

For Defendant:  Matthew O'Brien

**4.**   **Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

**___ Yes      X   No**

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection.  When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.  Each objection should be supported by authority.**

**5.**   **Parties to This Action:**

**(a)   The following persons are necessary parties who have not been joined:**

**Response:**  None

**(b)   The following persons are improperly joined as parties:**

**Response:**  None

**The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

**Response:**   None

**(d)      The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.      Amendments to the Pleadings:**

**Amendments and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15.  Further instructions regarding amendments are contained in LR 15.**

**(a)      List separately any amendments to the pleadings which the parties anticipate will be necessary:**

None.

**(b)      Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.      Filing Times for Motions:**

**All motions should be filed as soon as possible.  The local rules set specific filing limits for some motions.  These times are restated below.**

**All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later.  Local Rule 7.1A(2).**

    (a)   *Motions to Compel*:  before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

    (b)   *Summary Judgment Motions*:  within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

    (c)   *Other Limited Motions*:  Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

    (d)   *Motions Objecting to Expert Testimony*:  <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.  NOTE: Your initial disclosures should include electronically stored information.  Refer to Fed. R. Civ. P. 26(a)(1)(B).**

    **Response:**  No objections

**9.    Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

    **Response:**  The parties do not seek a scheduling conference.

**10.    Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

    **Response:**  N/A.

Cases in this court are assigned to one of the following three discovery tracks:  (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The allegations and defenses raised in the pleadings and Plaintiff's alleged

damages. The parties request a four-month discovery period.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Response:**  None.

11. **Discovery Limitation and Discovery of Electronically Stored Information:**

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**Response:**  None.

(b)    Is any party seeking discovery of electronically stored information?

   X  Yes          ____  No

If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of

production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**Response:**  The parties anticipate that electronically stored information in this action would focus primarily on e-mail searches for relevant custodians.

**(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

**Response:**    The parties anticipate the need for email discovery and are currently discussing whether there is a possibility of providing all email production in the .PST or .MSG format. Alternatively, the production of emails as .PDF files with an accompanying .DAT or .CSV load file may suffice.

Defendant has also asked Plaintiff to provide a list of relevant custodians and search terms for the benefit of e-discovery and has stated it will provide Plaintiff with a corresponding list of hits to help with the determination of what e-discovery is needed. Plaintiff is amenable to producing such a list, but notes that the lists will not relieve Defendant of its ongoing duty to produce relevant documents. Plaintiff also reserves the right to supplement his custodian and search term lists throughout the discovery period as new information is uncovered.

The parties consent to service of anything required to be served, including electronically stored information, via electronic means to their e-mail addresses of

record pursuant to Fed. R. Civ. P. 5(b)(2)(E). Any electronically stored information that cannot be sent via e-mail should be on a disk or an agreed-upon secure internet method.

At this time, the parties are not in dispute over any e-discovery issues. Should a dispute arise, the parties will seek guidance from the Court.

**12.  Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

**Response:**  The parties do not anticipate the need for any other orders at this time, other than potentially entering into a Consent Protective Order and/or Federal Rule of Evidence 502d Order.

**13.  Settlement Potential:**

**(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on August 9, 2022, and that they participated in settlement discussions.  Other persons who participated in the settlement discussions are listed according to party.**

**For Plaintiff:**    **Lead counsel (signature):** */s/ Eleanor M. Attwood*
                    **Other participants:** Marissa R. Torgerson

**For Defendant:**   **Lead counsel (signature):**  */s/ Matthew D. O'Brien*
                    **Other participants:**

**(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**(__)  A possibility of settlement before discovery.**

2

( x )   **A possibility of settlement after discovery.**
(___)   **A possibility of, but a conference with the judge is needed.**
(___)   **No possibility of settlement.**

**(c)      Counsel ( x ) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is:** To be determined.

**(d)      The following specific problems have created a hindrance to settlement of this case.**  None.

**14.      Trial by Magistrate Judge:**

**Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(a)      The parties (_) do consent to have this case tried before a magistrate judge of this Court.**

**(b)      The parties (X) do not consent to having this case tried before a magistrate judge of this Court**

Dated:  August 25, 2022

*/s/ Eleanor M. Attwood*
Eleanor M. Attwood
Georgia Bar No. 514014
emattwood@law-llc.com
Legare, Attwood & Wolfe, LLC
125 Clairemont, Suite 380
Decatur, GA  30030
Tel: (470) 823-4000
Fax: (470) 201-1212

*Counsel for Plaintiff*

*/s/Matthew D. O'Brien*
Matthew D. O'Brien
Georgia Bar No. 825255
Assistant Attorney General
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone:  (404) 458-3458
Email: mobrien@law.ga.gov

*Attorney for Defendant*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ERIC HODGSON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action File No.: |
| v. | ) | |
| | ) | 1:22-cv-01935-ELR-CMS |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF GEORGIA, | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

## <u>SCHEDULING ORDER</u>

Upon review of the information contained in the Joint Preliminary Report and

Discovery Plan form completed and filed by the parties, the Court orders that the

time limits for adding parties, amending the pleadings, filing motions, completing

discovery, and discussing settlement are as set out in the Federal Rules of Civil

Procedure and the Local Rules of this Court, except as herein modified:

_____

IT IS SO ORDERED, this _____ day of _____, 2022.

_____

Catherine M. Salinas
United States Magistrate Judge

13

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| ERIC HODGSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File No.: |
| v. | ) | |
| | ) | 1:22-cv-01935-ELR-CMS |
| BOARD OF REGENTS OF THE | ) | |
| UNIVERSITY SYSTEM OF GEORGIA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on August 25, 2022, I electronically filed the

foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the

Clerk of Court using the CM/ECF system, which will automatically send e-mail

notification of such filing to:

Matthew D. O'Brien
mobrien@law.ga.gov

*/s/ Eleanor M. Attwood*
Eleanor M. Attwood
Georgia Bar No. 514014
emattwood@law-llc.com